IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

———————————————————————

JULIO ORENGO                     :
                                 :
                                 :     CIVIL ACTION
            v.                   :
                                 :     NO. 16-4635
BERKEL & COMPANY                 :
CONTRACTORS, INC.                :
———————————————————————:

## ORDER

AND NOW, this _____ day of _____, 2016, upon

consideration of the Plaintiff's Motion for Joinder Pursuant to F.R.C.P. 19, and any response

thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED.

BY THE COURT:

_____
                                    J.

**SIMON & SIMON, P.C.**
BY:    Marc I. Simon, Esquire
       Joshua D. Baer, Esquire
       Alexander C. Hyder, Esquire
Attorney I.D. No.                 Attorneys for Plaintiff
201798/87476/320939
1515 Market Street, Suite 1600
Philadelphia, PA  19102
(215-467-4666)

|  |  |  |
|---|---|---|
| JULIO ORENGO | : | IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA |
| v. | : | |
| BERKEL & COMPANY CONTRACTORS, INC. | : | NO. 16-4635 |

## PLAINTIFF'S MOTION FOR JOINDER PURSUANT TO F.R.C.P. 19

COMES NOW, the Plaintiff, Julio Orengo, by and through counsel, Joshua D. Baer, Esquire and Alexander C. Hyder, Esquire, to move this Honorable Court for joinder of Matthew Dale Bush pursuant to Federal Rule of Civil Procedure 19, and in support thereof respectfully avers as follows:

1.    This matter arises out of a May 29, 2016 motor vehicle accident that occurred in Bear, Delaware.  Plaintiff, a pedestrian, was struck by a vehicle owned by Defendant Berkel & Company Contractors, Inc. (hereinafter "Berkel") and operated by an agent and/or employee of Defendant.

2.    As a result of the aforementioned accident, Plaintiff sustained serious and permanent injuries, including but not limited to the removal of his right eye.

3.    Accordingly, on August 25, 2016, Plaintiff filed a Complaint sounding in negligence against Defendant Berkel for bodily injuries.  *See Exhibit "A."*

4.      During Plaintiff's own investigation, it has become apparent that the vehicle owned by Defendant Berkel was operated by an individual named Matthew Dale Bush.  Plaintiff has reason to believe that Mr. Bush was an employee and/or agent of Defendant Berkel at the time of the subject motor vehicle accident.  *See Exhibit "B."*

5.      Matthew Dale Bush is a necessary and indispensable party to the present action such that he must be joined as an additional defendant under Federal Rule of Civil Procedure 19.  Mr. Bush was the operator of the subject vehicle that struck and injured Plaintiff in the subject accident.  His participation in the present action is necessary in order for a just adjudication.

6.      Accordingly, Plaintiff now seeks to add Matthew Dale Bush as a party to the present action pursuant to Federal Rule of Civil Procedure 19.

7.      Pursuant to Federal Rule of Civil Procedure 19, "a person who is subject to service or process and whose joinder will not deprive the court of subject-matter jurisdiction ***must be joined*** as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: … (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  F.R.C.P. 19 (emphasis added).

8.      Matthew Dale Bush is a necessary and indispensable party to the subject action.  Mr. Bush was the operator of Defendant Berkel's vehicle at the time of the motor vehicle accident of May 29, 2015.   In his absence, the Court cannot accord complete relief to the Plaintiff for the claims he brings, all of which arise from the same transaction or occurrence.  As such, Matthew Dale Bush must be joined as a party to the action pursuant to Rule 19.

9.     The joinder of Matthew Dale Bush will not deprive this Court of subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff is an individual and resident of Pennsylvania, and Defendant Berkel is a business entity registered in Kansas.  The individual Plaintiff seeks to add to this action as a necessary defendant, Matthew Dale Bush, is a resident of Delaware.  *See Exhibit "C."*  Moreover, the amount in controversy exceeds $75,000. *See Exhibit "A."*  As such, complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000 such that this Court has proper subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

10.     The United States District Court for the Eastern District of Pennsylvania will be able to exercise proper personal jurisdiction over Matthew Dale Bush.  Pursuant to Federal Rule of Civil Procedure 4(k)(1)(B), "serving a summons or filing a waiver of service *establishes personal jurisdiction* over a defendant: (B) who is a party joined under Rule 14 or *Rule 19 and is served within* a judicial district of the United States and *not more than 100 miles from where the summons was issued.*"  F.R.C.P.  4(k)(1)(B) (emphasis added).  This is often referred to as the 100 Mile Bulge Provision.

As mentioned above, Mr. Bush is a necessary party to the present action pursuant to F.R.C.P. Rule 19.  Plaintiff has reason to believe that Mr. Bush is a resident of the State of Delaware residing at 2644 Porter Road, Bear, DE 19701.  *See Exhibit "C."*  Mr. Bush's personal address is located less than 50 miles of the James A. Byrne U.S. Courthouse located at 601 Market Street, Philadelphia, PA 19106.  Plaintiff has reason to believe that Mr. Bush can and will be personally served at his residence in Bear, Delaware, which is firmly within the 100 mile bulge of the present Judicial District.  Therefore, since Matthew Dale Bush is a Rule 19 defendant and able to be personally served within 100 miles of the present Judicial District, this Court will be able to properly exercise personal jurisdiction over Matthew Dale Bush.

11.    Additionally, the United States District Court for the Eastern District of Pennsylvania has proper personal jurisdiction over Defendant Berkel, and the addition of a Rule 19 defendant such as Matthew Dale Bush will not deprive this Court of personal jurisdiction over Defendant Berkel.  At the Pre-Trial Conference on November 18, 2016, Counsel for Defendant Berkel conceded that Berkel performs business within the judicial district.  As such, this Court has proper personal jurisdiction over Defendant Berkel, and the joinder of a Rule 19 defendant such as Matthew Dale Bush will not deprive this Court of same.

12.    Permitting Plaintiff to add Matthew Dale Bush as a necessary defendant pursuant to F.R.C.P. Rule 19 to the present action will not cause unfair prejudice to the Defendant, Berkel & Company Contractors, Inc., nor will Defendant Berkel be unfairly disadvantaged by Mr. Bush's addition.

13.    Lastly, the interests of justice and judicial economy will undoubtedly be served by having all necessary parties properly within a single action in a single judicial district.  Litigating multiple claims that all occurred within the same transaction or occurrence against multiple parties in separate judicial districts runs afoul of the interests of justice and judicial economy.

WHEREFORE, Plaintiff, Julio Orengo, respectfully moves this Court to grant this Motion in accordance with the attached Order, thereby granting leave to file an amended Complaint.

DATE:  November 28, 2016

SIMON & SIMON, P.C.

BY: _____

Joshua D. Baer, Esquire
Alexander C. Hyder, Esquire
*Attorneys for Plaintiff*

**SIMON & SIMON, P.C.**
BY:    Marc I. Simon, Esquire
          Joshua D. Baer, Esquire
          Alexander C. Hyder, Esquire
Attorney I.D. No.                                          Attorneys for Plaintiff
201798/87476/320939
1515 Market Street, Suite 1600
Philadelphia, PA  19102
(215-467-4666)

---

JULIO ORENGO

     v.

BERKEL & COMPANY
CONTRACTORS, INC.

IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF PENNSYLVANIA

NO. 16-4635

---

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR JOINDER PURSUANT TO F.R.C.P. 19

### I.    *MATTER BEFORE THIS COURT*

Before this Court is Plaintiff's Motion to Join Matthew Dale Bush pursuant to Federal Rule of Civil Procedure 19.

### II.    *STATEMENT OF THE QUESTIONS INVOLVED*

Should this Court allow Plaintiffs to join Matthew Dale Bush in the present action pursuant to Federal Rule of Civil Procedure 19?

**Suggested Answer:**  *Yes.*

### III.    *FACTS*

This matter arises out of a May 29, 2016 motor vehicle accident that occurred in Bear, Delaware.  Plaintiff, a pedestrian, was struck by a vehicle owned by Defendant Berkel &

Company Contractors, Inc. (hereinafter "Berkel") and operated by an agent and/or employee of Defendant. As a result of the aforementioned accident, Plaintiff sustained serious and permanent injuries, including but not limited to the removal of his right eye. Accordingly, on August 25, 2016, Plaintiff filed a Complaint sounding in negligence against Defendant Berkel for bodily injuries. *See Exhibit "A."*

During Plaintiff's own investigation, it has become apparent that the vehicle owned by Defendant Berkel was operated by an individual named Matthew Dale Bush. Plaintiff has reason to believe that Mr. Bush was an employee and/or agent of Defendant Berkel at the time of the subject motor vehicle accident. *See Exhibit "B."* Matthew Dale Bush is a necessary and indispensable party to the present action such that he must be joined as an additional defendant pursuant to Federal Rule of Civil Procedure 19. Mr. Bush was the operator of the subject vehicle that struck and injured Plaintiff in the subject accident, and his presence in this action is necessary in order for complete relief to be accorded to the Plaintiff, as well as for a just adjudication of the present action.

Accordingly, Plaintiff now seeks to add Matthew Dale Bush as a party to the present action pursuant to Federal Rule of Civil Procedure 19.

## IV.    ARGUMENT

Pursuant to Federal Rule of Civil Procedure 19, "a person who is subject to service or process and whose joinder will not deprive the court of subject-matter jurisdiction **must be joined** as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: … (ii) leave an existing party

subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." F.R.C.P. 19 (emphasis added).

Matthew Dale Bush is a necessary and indispensable party to the subject action. Mr. Bush was the operator of Defendant Berkel's vehicle at the time of the motor vehicle accident of May 29, 2015. In his absence, the Court cannot accord complete relief to the Plaintiff for the claims he brings, all of which arise from the same transaction or occurrence. As such, Matthew Dale Bush must be joined as a party to the action pursuant to Rule 19.

The joinder of Matthew Dale Bush will not deprive this Court of subject matter jurisdiction by way of 28 U.S.C. § 1332. Plaintiff is an individual and resident of Pennsylvania, and Defendant Berkel is a business entity registered in Kansas. The individual Plaintiff seeks to add to this action as a necessary defendant, Matthew Dale Bush, is a resident of either Maryland or Delaware. Moreover, the amount in controversy exceeds $75,000. As such, complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000 such that this Court has proper subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

The United States District Court for the Eastern District of Pennsylvania will be able to exercise proper personal jurisdiction over Matthew Dale Bush. Pursuant to Federal Rule of Civil Procedure 4(k)(1)(B), "serving a summons or filing a waiver of service *establishes personal jurisdiction* over a defendant: (B) who is a party joined under Rule 14 or *Rule 19 and is served within* a judicial district of the United States and *not more than 100 miles from where the summons was issued.*" F.R.C.P. 4(k)(1)(B) (emphasis added). This is often referred to as the 100 Mile Bulge Provision.

As mentioned above, Mr. Bush is a necessary party to the present action pursuant to F.R.C.P. Rule 19. Plaintiff has reason to believe that Mr. Bush is a resident of the State of

Delaware residing at 2644 Porter Road, Bear, DE 19701. *See Exhibit "C."* Mr. Bush's personal address is located less than 50 miles of the James A. Byrne U.S. Courthouse located at 601 Market Street, Philadelphia, PA 19106. Plaintiff has reason to believe that Mr. Bush can and will be personally served at his residence in Bear, Delaware, which is firmly within the 100 mile bulge of the present Judicial District. Therefore, since Matthew Dale Bush is a Rule 19 defendant and able to be personally served within 100 miles of the present Judicial District, this Court will be able to properly exercise personal jurisdiction over Matthew Dale Bush.

Additionally, the United States District Court for the Eastern District of Pennsylvania has proper personal jurisdiction over Defendant Berkel, and the addition of a Rule 19 defendant such as Matthew Dale Bush will not deprive this Court of personal jurisdiction over Defendant Berkel. At the Pre-Trial Conference on November 18, 2016, Counsel for Defendant Berkel conceded that Berkel performs business within the judicial district. As such, this Court has proper personal jurisdiction over Defendant Berkel, and the joinder of a Rule 19 defendant such as Matthew Dale Bush will not deprive this Court of same.

Permitting Plaintiff to add Matthew Dale Bush as a necessary defendant pursuant to F.R.C.P. Rule 19 to the present action will not cause undue prejudice to Defendant Berkel, nor will Defendant Berkel be unfairly disadvantaged by Mr. Bush's addition.

Lastly, the interests of justice and judicial economy will undoubtedly be served by having all necessary parties properly within a single action in a single judicial district. Litigating multiple claims that all occurred within the same transaction or occurrence against multiple parties in separate judicial districts runs afoul of the interests of justice and judicial economy.

## V.    CONCLUSION

Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Joinder.

DATE:  November 28, 2016                SIMON & SIMON, P.C.

                                        BY: _____
                                            Joshua D. Baer, Esquire
                                            Alexander C. Hyder, Esquire
                                            *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th of November, 2016, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Mail Notice List.

Joshua D. Baer, Esquire
Alexander C. Hyder, Esquire
*Attorneys for Plaintiff*

Dated:  November 28, 2016

# EXHIBIT 'A'

# RBS

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Julio Orengo<br>58 North Main Street<br>Ashley, PA 18706 | :<br>:<br>: |
| Plaintiff | :<br>: |
| | : |
| v. | : |
| Berkel & Company Contractors, Inc.<br>5649 S 142nd Street<br>Bonner Springs, KS 66012 | :<br>:<br>: |
| | :<br>: |
| Defendant | :<br>: |

**16    4635**

#_____

## COMPLAINT

### PARTIES

1. Plaintiff, Julio Oregno, is an adult individual and resident of the Commonwealth of Pennsylvania, residing at the address listed in the above caption

2. Defendant, Berkel & Company Contractors, Inc., is a business entity registered to do business in the State of Kansas, with a business address listed in the caption of this Complaint.

### JURISDICTION AND VENUE

3. This Court exercises Personal Jurisdiction over the Defendant as the Defendant regularly and systematically conducts business within the Judicial District and maintains sufficient minimal contact with the forum district such that it may reasonably expect to be sued in this district.

4. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS

5.  On or about May 29, 2016, at approximately 1:04 a.m., Plaintiff a pedestrian traveling Pulaski Highway, in Bear, DE.

6.  At or about the same date and time, Defendant was the owner of the motor vehicle, which was traveling, at or near the aforesaid intersection and/or the location.

7.  At or about the same date and time, Defendant's vehicle was involved in a motor vehicle collision with Plaintiff.

8.  The aforesaid motor vehicle collision was caused by the Defendant negligently and/or carelessly, operating his vehicle in such a manner so as cause a collision.

9.  The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of Defendant and not the result of any action or failure to act by Plaintiff.

10.  As a result of the accident, Plaintiff suffered serious, severe and permanent bodily injuries as set forth more fully below.

11.  The negligence and/or carelessness of Defendant, which was the direct and sole cause of the aforesaid accident and the injuries and damages sustained by the Plaintiff, consisted of, but is not limited to, the following:

   a.  Striking Plaintiff;

   b.  Operating his/her vehicle into another vehicle's lane of travel;

   c.  Failing to maintain proper distance between vehicles;

   d.  Operating his/her vehicle in a negligent and/or careless manner without regard for the rights or safety of Plaintiff or others;

   e.  Failing to have his/her vehicle under proper and adequate control;

f.    Operating his/her vehicle at a dangerous and excessive rate of speed under the circumstances;

g.    Violation of the "assured clear distance ahead" rule;

h.    Failure to keep a proper lookout;

i.    Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff;

j.    Being inattentive to his/her duties as an operator of a motor vehicle;

k.    Disregarding traffic lanes, patterns, and other devices;

l.    Driving at a high rate of speed which was high and dangerous for conditions;

m.    Failing to remain continually alert while operating said vehicle;

n.    Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.    Failing to give other drivers meaningful warning signs concerning the impending collision;

p.    Failing to exercise ordinary care to avoid a collision;

q.    Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r.    Operating said vehicle with disregard for the rights of Plaintiff, even though Defendant was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

s.    Continuing to operate the vehicle in a direction towards the Plaintiff when Defendant saw, or in the exercise of reasonable diligence, should

have seen, that further operation in that direction would result in a collision;

    t.    Failing to operate his/her vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

12.    As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiff's great loss and detriment.

13.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

14.    As an additional result of the carelessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

15.    As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

16.    Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor and against Defendant in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY:_____mis3364_____
        Marc I. Simon, Esquire

## <u>VERIFICATION</u>

I, Julio Orengo           , am the plaintiff in this action, and I hereby state that the facts set

forth in the foregoing Complaint are true and correct to the best of my knowledge, information,

and belief.  I understand that this verification is subject to 18 Pa. C.S. § 4904 providing for

criminal penalties for unsworn falsification to authorities.


_Julio Orengo_____
Julio Orengo (No. 85451)

# EXHIBIT 'B'

# BERKEL & COMPANY - VEHICLE ACCIDENT REPORT

| Regional Location Code #: 015 | Name of Your Regional Manager: Fabian Lehmann | Berkel Job #: |
|---|---|---|

| Date of Accident: 5/29/2016 | Time of Accident:  1:04  AM ☐  PM ☒ | |

| Location of Accident: West bound Pulaski HWY | City:  Newark Municipality | State:  DE | Zip: |

| Was a Police Report Filed? Yes ☒  No ☐  Unknown ☐ | Police Report Case Number: 02-16-048185-000 |
|---|---|
| Police Officer's Name: Lawrence Walther | Badge #  00613 |

## INFORMATION ABOUT YOU - THE BERKEL EMPLOYEE

Insured: Berkel & Company Contractors, Inc.; Policy Number: BAP9311356-04; Policy Period: 08/01/15 to 07/31/16

| Your Name: Mathew Bush | Your Cell Phone Number:  443-633-9237 |
|---|---|
| Length of Employment:  3 years | Your Social Security Number: ███████ |
| Driver's License Number: 1162725 | State Issued: DE |

| Vehicle You Were Driving: Year:  2011 | Make:  Chevy | Model:  Silverado |
|---|---|---|

| Vehicle License Plate Number:   BXQ 9723 | Vehicle ID Number: |
|---|---|

| Any Passengers in Your Vehicle? Yes ☐  No ☒ | If Yes. Names/Ages? |
|---|---|
| Any Apparent Injury to Yourself? Yes ☐  No ☒ | Any Apparent Injury to Passengers? Yes ☐  No ☒ |

If Yes. Describe Injuries:

Description of Damage to this Vehicle:  Passenger side mirror

## INFORMATION ABOUT OTHER DRIVER

| Name:   Julio Orengo - Pedestrian | Contact Phone Number: 570-880-8949 | | |
|---|---|---|---|
| Address: 58 N Main Street | City:  Wilkes Barre | State:  PA | Zip: 18706 |
| Driver's License Number: | State Issued: | | |
| Vehicle License Plate Number: | State Issued: | | |

| Vehicle They Were Driving:   Year: | Make: | Model: |
|---|---|---|

Name of Insurance Company:

| Insurance Company's Phone Number: | Policy Number: |
|---|---|

| Any Passengers in the Vehicle? Yes ☐  No ☐ | If Yes. Names/Ages? |
|---|---|
| Any Apparent Injury to Driver? Yes ☐  No ☐ | Any Apparent Injury to Passengers? Yes ☐  No ☐ |

If Yes. Describe Injuries:  Extent of the pedestrians injuries are unknown at this time.

Description of Damage to this Vehicle:

## DESCRIBE IN DETAIL HOW THIS ACCIDENT HAPPENED          **Attach a separate sheet if necessary

Driving in right hand lane of Pulaski Hwy in right hand lane. Tractor trailer parked on right shoulder of road. Julio Orengo was
walking beside the tractor trailer in the right hand lane. As I drive by I hit Mr. Orengo with the passenger side mirror of the truck.
The police were called Mr. Orengo was found to be at fault for walking at night with no light or safety equipment. He was cited
and taken to the hospital.

## ADDITIONAL INFORMATION

| Were There Any Witnesses? Yes ☐  No ☒ | If Yes. List Names and Contact Phone Numbers: |
|---|---|

| Were You Wearing Your Seatbelt? Yes ☒  No ☐ | Other Driver? Yes ☐  No ☐  Unknown ☐ |
|---|---|
| Were You Given Any Citations? Yes ☐  No ☒ If Yes. Explain: | |

Was the Other Driver Given Any Citations? Yes ☒  No ☐ If Yes. Explain:

| Name of Person Completing Report:  Matt Bush | Phone: | Date:  5/31/2016 |
|---|---|---|

# EXHIBIT 'C'

# DELAWARE STATE POLICE
## DRIVER INFORMATION EXCHANGE REPORT

Date of Collision: 05/29/2016    Time of Collision: 01:04    Report Number: 02-16-048185 - 000

Officer Name: CPL/2 WALTHER    Badge No.: 00613

Officer E-Mail: LAWRENCE.WALTHER@STATE.DE.US

Location of Collision: On Westbound PULASKI HIGHWAY US40 11.00 Feet South West From BECKS WOODS DRIVE 2.91 Miles from Newark Municipality

---

Full Name: MATTHEW DALE BUSH (Driver) License No.: 1162725    License Class: D

Address: 2644 Porter RD

City: Bear    State Country: Delaware    Zip Code: 19701    Phone: (443)-633-9237

Registration: BXQ9723    State: GA    Expires: 01/31/2017    VIN: 1GC2KVCG6BZ458603

Make: Chevrolet    Model: silverado    Model Year: 2011

Most Damaged Area: Right Side Front

Insurance Status: Insured    Insurance Company: ZURICH AMERICAN INS CO.

Insurance Policy No.: BAP9311356-04    Expires: 08/01/2016    Phone: (800)-987-3373

Owner Business Name: berkel & co contractors

Owner Address: 7300 MARKS LA

City: AUSTELL    State/Country: Georgia    Zip Code: 30168

---

Full Name: JULIO ORENGO (Pedestrian) *09-4150*

Address: 58 N MAIN ST

City: WILKES BARRE    State Country: Pennsylvania    Zip Code: 18706    Phone: (570)-880-8949

RECEIVED
JUL 11 2016
Traffic Section
DELAWARE STATE POLICE

Note: You or your insurance company may submit a written request for a copy of the collision report to:

| | | |
|---|---|---|
| Delaware State Police | Fee is: $25 | Collision Date: 05/29/2016 |
| Traffic Section | A Fatal Report is: $60 | Report Number: 02-16-048185 |
| PO Box 430 | | |
| Dover, DE 19903 | Any Questions Call: 3027395931 | |

Please include a self-addressed envelope, and make check or money order payable to:    Delaware State Police

I would like to obtain a copy of the motor vehicle crash report occurring at the following location:

On Westbound PULASKI HIGHWAY US40 11.00 Feet South West From BECKS WOODS DRIVE 2.91 Miles from Newark Municipality

### The following information is required to process your request

Julio Orengo / Julio Oren
(your name)

570 - 855 - 4002
(daytime phone #)

58 N Main St
(your street addr)

Ashley PA. 18706
(city, state and zip code)

It is our policy ___ crash information only to person(s) actually involved in the crash, to the parents/guardians of minors, the owners of th___, and the insurance companies or attorneys representing those involved.

### Please take our Citizen Satisfaction Survey at www.DSP.Delaware.Gov

Exchange Report