IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JULIO ORENGO                                   :
                                               :        CIVIL ACTION
            v.                                 :
                                               :        NO. 16-4635
BERKEL & COMPANY CONTRACTORS, INC.   :

**MEMORANDUM**

**SURRICK, J.**                                          **DECEMBER  28 , 2016**

Presently before the Court are Plaintiff's Motion for Joinder pursuant to Federal Rule of

Civil Procedure 19(a) and Plaintiff's Motion for Leave to File an Amended Complaint.  For the

following reasons, the Motion for Joinder is denied, and the Motion to Amend is granted.

**I.       BACKGROUND**

This case arises out of a highway collision between Defendant's vehicle and Plaintiff

Julio Orengo.  On May 29, 2016, at 1:04 a.m., Plaintiff alleges that he was walking on Pulaski

Highway in Bear, Delaware.  (Compl. ¶ 5, ECF No. 1.)  Plaintiff alleges that while walking on

the highway, Defendant's vehicle ran into him, causing serious injuries.  (*Id*. ¶¶ 7, 12.)   Plaintiff

alleges that Defendant was negligently operating the vehicle.  (*Id*. ¶ 9.)

Plaintiff filed a Complaint in this Court on the basis of diversity jurisdiction.  Plaintiff is

a resident of Pennsylvania and Defendant is a business registered in Kansas.  (*Id*. ¶¶ 1, 2.)

Defendant filed its Answer on October 27, 2016. [1]  (Def.'s Answer, ECF No. 5.)  On November

---

[1] Defendant has waived its right to object to lack of personal jurisdiction.  Defendant's
Response in Opposition to the Joinder "specifically denie[s] that there [is] personal jurisdiction
over Defendant, Berkel."  (Def.'s Resp. 3, ECF No. 16.)  However, Defendant waived its right to
challenge personal jurisdiction when it filed its Answer and failed to file a 12(b)(2) motion
to dismiss for lack of personal jurisdiction prior to or in conjunction with its Answer.  *See Baylis v.
Wachovia Bank, N.A.*, No. 08-3392, 2008 WL 5055746, at *4 (E.D. Pa. Nov. 25, 2008) ("Federal
Rule of Civil Procedure 12(h)(1)(B) unequivocally states a party waives any defense listed in

28, 2016, Plaintiff filed the instant Motion for Joinder and Memorandum in Support of the Motion. (Pl.'s Mot. Joinder, ECF No. 14; Pl.'s Mem. Joinder, ECF No. 14.)  The same day, Plaintiff filed the instant Motion to Amend and Memorandum in Support of the Motion. (Pl.'s Mot. Amend, ECF No. 15; Pl.'s Mem. Amend, ECF No. 15.)  On December 9, 2016, Defendant filed a Response in Opposition to Plaintiff's Motion for Joinder and Memorandum in Support of Defendant's Response. (Def.'s Resp., ECF No. 16; Def.'s Mem., ECF No. 16.)

## II.    DISCUSSION

Plaintiff's Motion for Joinder seeks to join as a party the alleged driver of Defendant's vehicle, Matthew Dale Bush ("Bush"). (Pl.'s Mot. Joinder 2.)  Plaintiff's Motion to Amend seeks to amend the Complaint to add a claim of negligent entrustment against Defendant. (Pl.'s Mot. Amend 2.)

### A.    Motion for Joinder

#### 1.    *Legal Standard*

Federal Rule of Civil Procedure 19(a) states the circumstances under which a third party must be joined to a lawsuit.  Rule 19(a)(1) states that:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

---

Rule 12(b)(2)-(5) by failing to either make it by motion under this rule or include it in a responsive pleading." (internal citation and quotation marks omitted)); *Roy v. Brahmbhatt*, No. 07-5082, 2009 WL 1575276, at *2 (D.N.J. June 4, 2009) ("Plaintiff failed to preserve their personal jurisdiction argument in two ways first, they answered the complaint instead of initially filing a motion . . . and second (and indeed, more fatal), they failed to preserve the defense in their answer. Under Fed. R. Civ. P. 12(h) and the caselaw, the argument is waived.").

> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

In determining whether an absent party must be joined under Rule 19(a), a court must determine if it is "a necessary party who should be joined in the action." *Bank of Am. Nat'l Trust and Sav. Ass'n. v. Hotel Rittenhouse Assocs.*, 844 F.2d 1050, 1053 (3d Cir. 1988) (citing *Abel v. Am. Art Analog, Inc.*, 838 F.2d 691, 695 (3d Cir. 1998)).  If the court determines that the absent party is necessary, then the court must determine if it is feasible for the party to be joined. *Id*. at 1053-54.  If the court determines that the absent party is not necessary, "the inquiry need go no further." *Id*. at 1054.  The moving party has the burden of proving why the party is required to be joined under Rule 19(a). *United States v. Payment Processing Ctr., LLC*, No. 06-0725, 2006 WL 2990392, at *2 (E.D. Pa. Oct. 18, 2006).

 To determine whether the absent party is necessary, a court must first determine whether "complete relief" can be granted to the existing parties, absent the joinder. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 405 (3d Cir. 1993).  "Complete relief . . . refers to relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought." *Sindia Expedition, Inc. v. Wrecked & Abandoned Vessel, Known as The Sindia*, 895 F.2d 116, 121 (3d Cir. 1990) (internal citations omitted).  A court must then determine if a third party would be subjected to "needless multiple litigation." *Id*. at 122 (internal citation and quotation marks omitted).

> 2.    *Analysis*

Plaintiff argues that Bush must be joined to this matter under Rule 19(a) as a necessary and indispensable party.  (Pl.'s Mem. Joinder 3.)  Plaintiff argues that without Bush the Court

cannot provide complete relief to Plaintiff. (*Id.*) As support, Plaintiff states that Bush was the person driving Defendant Berkel's vehicle, and at the time was an employee and/or agent of Defendant Berkel. (Pl.'s Mot. Joinder 2.) Plaintiff also argues that the "interests of justice and judicial economy" will be served if Bush is joined in this case, and the case can be litigated within a single district. (Pl.'s Mem. Joinder 4.) Defendant responds that Bush is not a necessary party to this lawsuit, and argues that Plaintiff has not met his burden of proving that Bush is a necessary party. (Def.'s Mem. 3.)

Plaintiff argues that Bush is a necessary party because he was an employee of Defendant Berkel and was driving the vehicle involved in this accident. This is not sufficient to establish that Plaintiff cannot be accorded complete relief. The Supreme Court has determined that "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990); *see also Huber v. Taylor*, 532 F.3d 237, 249-50 (3d Cir. 2008). Moreover, a number of courts have held that it is not necessary for an employee to be joined in a suit against his/her employer. *Rieser v. D.C.*, 563 F.2d 462, 469 n.39 (D.C. Cir. 1977) ("[T]he employee is not a necessary party to a suit against his employer under respondeat superior." (citations omitted)); *Nottingham v. Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987) ("[I]t is well-established that Rule 19 does not require the joinder of joint tortfeasors. Nor does it require joinder of principal and agent." (internal citations omitted)); *Milligan v. Anderson*, 522 F.2d 1202, 1205 (10th Cir. 1975) ("Under these circumstances the trial court can accord complete relief as between the plaintiffs and [the principal], and the other factors mentioned in Fed. R. Civ. P. 19 do not in our view dictate a finding that [the agent] is an indispensable party."); *Hall v. Nat'l Serv. Indus., Inc.*, 172 F.R.D. 157, 159 (E.D. Pa. 1997) ("It is well established that Rule 19 does not require the joinder of principal and agent." (citations

4

omitted)); *Graco, Inc. v. PMC Glob., Inc.*, No. 08-1304, 2009 WL 904010, at *9 (D.N.J. Mar. 31, 2009) ("[T]here is no requirement that the plaintiff join as a defendant the individual upon whose act . . . vicarious liability is predicated . . . In such cases, the concept of mandatory joinder does not apply." (citation omitted)); *Am. Home Mortg. Corp. v. First Am. Title Ins. Co.*, No. 07-01257, 2007 WL 3349320, at *4 (D.N.J. Nov. 9, 2007) ("Although the Third Circuit has never explicitly held as such, other courts have established that, like joint tortfeasors, a principal and its agent are not necessarily indispensable parties to an action even if both were allegedly involved in the wrongful acts at issue.").

Since an employee need not be joined in a suit against an employer under *respondeat superior*, Bush is not an indispensable party simply because he was driving the Defendant's vehicle.[2] *Rieser*, 563 F.2d at 469 n.39.  The case of *Fuller By Fuller v. Prudential Ins. Co. of Am.*, No. 89-2016, 1989 WL 127499 (E.D. Pa. Oct. 24, 1989) is strikingly similar to this case.  In *Fuller*, the plaintiff was a pedestrian crossing a road when she was struck by a vehicle driven by an employee of Prudential Insurance.  *Id*. at *1.  The plaintiff brought an action against Prudential Insurance based upon vicarious liability.  *Id*.  The plaintiff later asserted that the driver of the vehicle was an indispensable party.  *Id*.  The Court concluded that joinder of the employee driving the vehicle was not necessary because complete relief could be accorded to the

---

[2] Plaintiff also argues that Bush should be joined as a necessary party because Bush's actions "occurred within the same transaction or occurrence" as the underlying claim against Defendant Berkel.  (Pl.'s Mot. Joinder 4.)  While this argument could be used to support a Rule 20 motion for a permissive joinder, it does not support a Rule 19(a) motion for a necessary joinder.  Fed. R. Civ. P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if[] any right to relief is asserted against them . . with respect to or arising out of the same transaction [or] occurrence . . . .").  Plaintiff has not asserted a Rule 20 motion here, nor does his Complaint assert a right to relief against Bush.  If Plaintiff intends to request that this Court join Bush under Rule 20, he is free to do so by using the appropriate procedures.

plaintiff.  *Id*. at *2.  Similarly, while Bush was driving the Berkel vehicle that collided with Plaintiff, Plaintiff can still be accorded complete relief against Defendant Berkel.

Accordingly, Plaintiff has failed to prove that Bush is a necessary party under Rule 19(a).[3]

### B.    Motion to Amend

*1.    Legal Standard*

Federal Rule of Civil Procedure Rule 15(a) permits a party to amend its pleading with the Court's leave.  Rule 15(a)(2) states that "[t]he court should freely give leave when justice so requires."  The Third Circuit has noted that motions to amend "should be liberally granted." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *see also Charpentier v. Godsil*, 937 F.2d 859, 864 (3d Cir. 1991) ("Unless the opposing party will be prejudiced, leave to amend should generally be allowed.").  The Third Circuit has also held that "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citation omitted).  The Supreme Court has held that absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . etc.—the leave sought should . . . be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

*2.    Analysis*

Plaintiff alleges that his investigation into the case revealed that the employee who was driving Defendant's vehicle had a history of reckless driving.  (Pl.'s Mot. Amend 1-2.)

---

[3] Bush has not claimed an interest in this case.  Therefore, subsection (2) of Rule 19(a) is irrelevant.  *See Hall*, 172 F.R.D. at 160 (holding that Rule 19(a)(2) is rendered irrelevant if the absent party does not claim an interest in the case); *Fuller*, 1989 WL 127499, at *2 (finding that because the absent party "claims no interest in the present case . . . subsection (2) [is] irrelevant.").

Therefore, Plaintiff seeks to amend his complaint to add a claim of negligent entrustment against Defendant.  Defendant has offered no arguments in opposition to Plaintiff's Motion to Amend. We see no reason why Plaintiff should be prevented from amending his Complaint to include a claim of negligent entrustment.  Accordingly, Plaintiff is granted leave to amend his Complaint for the purpose of adding a negligent entrustment claim.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Joinder pursuant to Rule 19(a) will be denied and Plaintiff's Motion to Amend to add a claim of negligent entrustment will be granted.

An appropriate Order follows.

BY THE COURT:

_____

**R. BARCLAY SURRICK, J.**